UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEKE DARRIN,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security Administration,<br><br>        Defendant. | Case No. ED CV 12-717-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying his application for Disability Insurance benefits ("DIB"). He claims that the Administrative Law Judge ("ALJ") erred by failing to consider his father's submission. For the following reasons, the Court concludes that, though the ALJ erred in addressing the father's "testimony," the error was harmless and the decision is affirmed.[1]

---

[1] The father's input was provided in the form of a standard "function report," which he filled out and submitted. (Administrative Record ("AR") 175-82.) At times herein, that report will be referred to as "testimony," as it is considered the equivalent of testimony under social security law.

## II. SUMMARY OF PROCEEDINGS

In October 2009, Plaintiff applied for DIB, alleging that he was unable to work due to spinal stenosis and other back and neck problems, heart disease, a brain cyst, depression, anxiety, panic attacks, and oral health problems. (AR 154.) The Agency denied the application initially and on reconsideration. (AR 60-67, 70-74.) Plaintiff then requested and was granted a hearing before an ALJ. (AR 76, 90-95.) On June 9, 2011, he appeared with counsel for the hearing. (AR 31-59.) On September 20, 2011, the ALJ issued a decision denying benefits. (AR 17-27.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-5, 124.) This action followed.

## III. DISCUSSION

Plaintiff contends that the ALJ erred by failing to discuss a report that his father prepared and submitted, which contained the father's observations of Plaintiff and his condition. (Joint Stip. at 3-6.) Plaintiff argues that the ALJ's failure to address this testimony requires reversal. (Joint Stip. at 3-6.) For the following reasons, the Court disagrees.

An ALJ's failure to consider lay witness testimony concerning a claimant's ability to work is error. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006); *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); 20 C.F.R. §§ 404.1513(d)(4),(e). The error is harmless, however, if the Court can "confidently conclude that no reasonable ALJ, when fully crediting the testimony," would have found the claimant to be disabled. *Molina v. Astrue*, 674 F.3d 1104, 1116 (9th Cir. 2012) (quoting *Stout*, 454 F.3d at 1056).

1       Plaintiff's father filled out a function report in which he noted
2  that Plaintiff could not undertake "strenuous activity," was unable to
3  get restful sleep, and had difficulty lifting things due to his
4  condition.  (AR 176, 180.)  He also reported that Plaintiff's neck
5  pain left him short-tempered and depressed.  (AR 180, 182.)  On the
6  same form, however, he noted that Plaintiff could bathe and dress
7  himself, prepare his own food, go outside on a daily basis, do chores
8  and small household repairs, drive a car, ride a motorbike, go
9  shopping, take care of his finances, spend time with others, follow
10 instructions, and get along with authority figures.  (AR 175, 177-81.)
11      The ALJ ultimately determined that Plaintiff would be able to
12 perform light work, i.e., he could lift 20 pounds occasionally and ten
13 pounds frequently, stand for up to six hours in an eight-hour workday,
14 and occasionally lift overhead, but could not perform work requiring
15 power gripping, holding his head in a fixed position, or using
16 ladders.  (AR 24.)  There is nothing in the father's testimony that
17 contradicts this finding.  Thus, the Court is confident that no
18 reasonable ALJ would have found Plaintiff disabled had he or she
19 considered the father's testimony and, therefore, the ALJ's failure to
20 discuss it was harmless.  *See Molina*, 674 F.3d at 1116.
21      Furthermore, the ALJ rejected Plaintiff's testimony that his
22 severe pain and other infirmities had precluded him from working since
23 2005, because, among other things, he went back to work driving a
24 truck in 2008 and was able to ride a motorcycle and repair a roof in
25 2010 and 2011.  (AR 24-25.)  Because the father's testimony did not
26 add any limitations beyond what Plaintiff was claiming and because the
27 reasons the ALJ rejected Plaintiff's testimony apply equally to the
28 father's testimony, any error on the ALJ's part in failing to explain

why he was also rejecting the father's testimony was harmless. *Molina*, 674 F.3d at 1122 (holding ALJ's failure to address family members' testimony was harmless because family members had not alleged any limitations not alleged by claimant, ALJ properly rejected claimant's testimony, and reasons for rejecting claimant's testimony were valid reasons for rejecting family members' testimony).[2]

## IV. CONCLUSION

For these reasons, the Agency's decision is affirmed and the action is dismissed with prejudice.

IT IS SO ORDERED.

DATED: January 10, 2013

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\DARRIN, 717\Memo_Opinion.wpd

---

[2] The father described fewer and less severe limitations than Plaintiff did. (AR 183-90.) For example, Plaintiff stated that it was sometimes hard for him to cook; that he could not watch TV for more than three hours before having to lie down due to his neck pain; and that he had difficulty walking, squatting, sitting, bending, standing, reaching, completing tasks, concentrating, and getting along with others. (AR 185, 187, 188.) By contrast, his father noted that Plaintiff had little or no difficulty performing these activities. (AR 177, 179, 180.)